IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS NICHOLAS MERIWEATHER,

    Petitioner,

    v.

ERIN REYES,

    Respondent.

Case No. 2:22-cv-00384-JR

ORDER

HERNÁNDEZ, Chief Judge

    Petitioner, an adult in custody at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court is petitioner's Motion for Preliminary Injunction (ECF No. 17). For the reasons that follow, the Court DENIES petitioner's Motion.

    Petitioner's habeas petition challenges a 2018 decision of the Oregon Board of Parole and Post-Prison Supervision (the "Board") denying his request for an interim hearing. Petitioner alleges the Board violated his rights to due process and equal protection under the Fifth and Fourteenth Amendments. Petitioner also appears to challenge a 2014 Board decision revoking his parole and imposing a 120-month term of imprisonment as a sanction; he alleges imposition of the sanction violated the Ex Post Facto Clause.

    In his Motion for Preliminary Injunction, petitioner seeks an order "barring further unconstitutional actions by the Board of Parole in this parole revocation case before this court." In his Memorandum in Support, he seeks an order preventing the Board from requiring him to participate in a psychological evaluation and an impending exit interview to determine his eligibility for re-release on parole.

1 - ORDER

A petitioner "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A petitioner may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winters* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

A party seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint or petition. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted fully." *Id*. (internal quotation omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

Here, petitioner is not entitled to the preliminary injunctive relief sought because he has not established a likelihood of success on the merits; there is not a sufficient nexus between the injury claimed in the motion and the conduct asserted in the petition. As noted, petitioner's habeas petition challenges decisions made by the Board in the past imposing a term of imprisonment on the parole revocation and denying a request for an interim hearing; the relief requested in his motion for preliminary injunction by contrast pertains to future actions of the Board concerning petitioner's current eligibility for parole. Because petitioner's request for

2 - ORDER

preliminary injunction does not relate to the allegations of his Petition, this Court lacks authority to grant the preliminary injunctive relief requested. *Pac. Radiation*, 810 F.3d at 636.

## CONCLUSION

For these reasons, the Court DENIES petitioner's Motion for Preliminary Injunction (ECF No. 17).

DATED this __30__ day of March, 2023.

_____
Marco A. Hernández
Chief United States District Judge

3 - ORDER