IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THOMAS NICHOLAS MERIWEATHER,<br><br>   Petitioner,<br> v.<br>ERIN REYES,<br><br>   Respondent. | Case No.: 2:22-cv-00384-JR<br><br>ORDER |

**Adrienne Nelson, District Judge**

   United States Magistrate Judge Jolie Russo issued a Findings and Recommendation in this case on September 27, 2023, ECF [38], in which she recommended that petitioner's Petition for Writ of Habeas Corpus, ECF [1], and Motion for Leave to File Amended Petition, ECF [21], be denied. Petitioner timely filed objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

   A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-154 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the

1

recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Petitioner first objects to a finding of fact. He states that while he agrees with Judge Russo's statement that the Parole Board (the "Board") twice withdrew Administrative Review Responses ("ARRs") related to Board Action Form ("BAF") 48 and issued replacement responses, he believes it was omitted that the replacement responses are also related to ARR 12, not just BAF 48. Pet'r's Objs., ECF [44], at 2. ARRs 13 and 14, which were withdrawn, and ARR 15, the final ARR, however, all relate to requests to review the denial of an interim hearing in BAF 48. They do not relate to BAF 46, which included the Board's findings at the 2014 future disposition hearing. Resp't's Ex. 103, ECF [30-1], at 196-98. ARR 12, which affirmed the Board's findings in BAF 46, was not cited in ARRs 13, 14, or 15. Resp't's Ex. 103 at 200. The Court finds no inaccuracies in Judge Russo's description of the procedural record.

Petitioner then raises many of the same arguments made in his petition about the constitutionality of two matters: the Board's 2018 decision to deny petitioner an interim hearing and its related administrative reviews, and the Board's determinations at the 2014 future disposition hearing. Because the Board violated petitioner's rights, he argues, the case is properly before this Court. Pet'r's Objs. 6, 12.

The Court adopts Judge Russo's finding that the Court lacks jurisdiction to hear a challenge to the Board's 2018 decision to deny petitioner an interim hearing. Findings & R., ECF [38], at 6. Only claims that "lie at 'the core of habeas corpus'" may be brought in a habeas petition; all other state prisoner claims are properly brought under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). "[C]laims which would not necessarily lead to an earlier release" are not within the core of habeas. *Id.* at 928.

Petitioner argues that his claim fails within the core of habeas because if the Board had not denied his request for an interim hearing, he "would have been immediately released from confinement." Pet'r's Objs. 12. Petitioner does not provide any evidence in support of this assertion. The Board is required to grant an interim hearing if there is reasonable cause to believe that a prisoner may be granted parole. Or.

2

Rev. Stat. § 144.280(2). If petitioner were to prevail on his claim, it would not necessarily lead to his earlier release; it would only require the Board to hold an interim hearing to determine if he "may" be granted parole. Petitioner's claim does not therefore, fall within the core of habeas, and the Court lacks habeas jurisdiction. *Gutierrez v. Cain*, No. 2:16-CV-02025-SB, 2019 WL 5198170, at *2 (D. Or. Mar. 7, 2019), *report and recommendation adopted*, No. 2:16-CV-02025-SB, 2019 WL 5197551 (D. Or. Oct. 14, 2019); *see also Gordon v. Premo*, 757 F. App'x 627, 628 (9th Cir. 2019) (affirming denial of habeas petition based on lack of jurisdiction where petitioner's request to switch from ten-year to two-year parole review cycle would not necessarily lead to an earlier release); *Woods v. Valenzuela*, 734 F. App'x 394, 395-96 (9th Cir. 2017) (vacating for lack of habeas jurisdiction where petitioner's requested parole hearing would not necessarily result in an earlier release).

If a civil rights claim filed as a habeas petition is amenable to conversion on its face, the Court may recharacterize it as an action under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 936. To be amenable to recharacterization, a petition must name the correct defendants and seek the correct relief. *Id.* Because petitioner names the Superintendent of Two Rivers Correctional Institution as the sole respondent, rather than the Board, and the complaint does not contain a prayer for relief, the Court adopts Judge Russo's recommendation that it should not convert the petition into a 42 U.S.C. § 1983 complaint. Findings & R. 6 n.2.

To the extent that petitioner's claims include the Board's 2014 decision in BAF 46, the Court adopts Judge Russo's finding that the action is untimely. Findings & R. 7. A habeas petition must be filed within one year of the date on which the state court judgment became final. 28 U.S.C. § 2244(d). The one-year statute of limitations applies to administrative decisions as well as state court judgments. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). Petitioner challenged the Board's 2014 decision first through administrative review, then judicial review, which became final when the Oregon Supreme Court denied review in 2017. *See Meriweather v. Bd. of Parole & Post-Prison Supervision*, 361 Or. 800, 400 P.3d 924 (2017).

Petitioner argues that the statute of limitations should run from the issuance of ARR 15 on July 1, 2020 because it was a "new finding" related to the Board's 2014 decision. Pet'r's Objs. 16. As discussed above, the administrative review conducted for ARR 15 was unrelated to the Board's 2014 decision, but instead concerned the 2018 denial of an interim hearing. Regardless, the petition was filed on March 10, 2022, more than one year after both the date of the final state court judgment in 2017 and the date of the issuance of ARR 15. As a result, claims related to the Board's 2014 decision are untimely.

No party has filed objections related to Judge Russo's recommendation that the Court deny petitioner's Motion for Leave to Amend, ECF [21]. Finding no clear error, the Court adopts that recommendation.

Judge Russo recommends denying a certificate of appealability ("COA"). Findings & R. 9. A COA should be issued when "jurists of reason" would find the Court's decision "debatable." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 584 (2023); *see also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The petitioner must show that "'the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further.'" *Martinez*, 33 F.4th at 1261 (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)).

Jurists of reason would not find debatable the Court's finding that it lacks jurisdiction over the habeas petition nor its procedural ruling that, to the extent the petition relates to the Board's 2014 decision, it is time-barred. Accordingly, the Court declines to issue a Certificate of Appealability.

For the foregoing reasons, the Court ADOPTS Judge Russo's Findings and Recommendation, ECF [38], in full. Petitioner's Petition for Writ of Habeas Corpus, ECF [1], is DENIED, petitioner's Motion for Leave to File Amended Petition, ECF [21], is DENIED, and this case is DISMISSED

with prejudice.  The Court declines to issue a certificate of appealability.



IT IS SO ORDERED.

       DATED this 8th day of February, 2024.

                                        Adrienne Nelson
                                        United States District Judge